FILED

SEP 2 3 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES OF AMERICA,            )
                                     )
              Plaintiff,             )
                                     )
v.                                   )          **4:20CR00595 AGF/SRW**
                                     )   No.
RICHARD RIEF,                        )
                                     )
              Defendant.             )

## **INDICTMENT**

The Grand Jury charges that:

### **Introduction**

1.      Richard Rief owned and operated Med Plus Staffing, LLC. (hereinafter "MPS"), a healthcare staffing business, and Rief Healthcare (hereinafter "RHC"), a hospice care business, in St. Louis County, in the Eastern District of Missouri.

2.      Rief filed Forms 940 and 941 reporting tax due and owing.

3.      Rief failed to pay employment taxes due and owing, except where necessary to convince the IRS Revenue Officer assigned to his case to delay a levy or accept an installment agreement.

4.      Rief failed to pay his individual income tax liability in 2015 and 2016, instead he chose to spend the money on lavish purchases.

5.      In 2017, while RIEf faced back taxes for both his businesses and himself, Rief spent $20,250 towards a 50-foot yacht, almost $20,000 in payments towards his Maserati, and $8,600 on a hangar for his airplane.

6.      At all times relevant to this Indictment, MPS and RHC were operated and

controlled by Defendant Rief.  He exercised financial control over MPS and RHC's business affairs.

## Employment Tax Withholding

7.     Employers are required to withhold employment taxes from their employees' paychecks and make payment to the Department of Treasury through the Internal Revenue Service (hereinafter "IRS").  Employment taxes include Federal Income tax withholding, Social Security, and Medicare taxes.  Employers withhold 7.65 percent of an employee's wages in order to pay the employee portion of Social Security and Medicare taxes.

8.     Employment taxes are also referred to as "trust fund taxes" because they are withheld by an employer and held in trust until paid to the Department of Treasury through the IRS.  Through this withholding, employees pay their contributions toward retirement benefits (Social Security and Medicare) and the income taxes reported on their tax returns.  Employers are also required to pay, in addition to the trust fund taxes withheld from employees' pay, another 7.65 percent in Social Security and Medicare taxes that constitute the employer portion of employment taxes.

9.     Employers who withhold income taxes, Social Security tax or Medicare tax from employees' paychecks or who must pay the employer's portion of Social Security or Medicare tax must file quarterly employment tax returns—Forms 941.  Each Form 941 is due by the end of the month following the end of each calendar quarter.

10.    At all times relevant to this Indictment, Defendant Rief withheld employment taxes from his employees' wages.

11.    At all times relevant to this Indictment, Defendant Rief made none of the required payments to the IRS.

12.     In total, during the calendar quarters alleged in I-VII of this Indictment, Defendant Rief failed to pay over approximately $330,038.16 in employee taxes for MPS and RHC and due to the IRS.

### Failure to File Individual Tax Returns

13.     At the same time Defendant Rief was failing to meet his employment tax obligations, he failed to pay over amounts due as recorded on his Forms 1040, Individual Income Tax returns.  In 2015 and 2016, Defendant Rief and his wife earned at least $595,935 from his businesses.

14.     In total, during the calendar years alleged in VIII-IX of this Indictment, 2015 and 2015, Defendant Rief and his wife failed pay approximately $107,332 in individual taxes owed.

### COUNTS I-VII
### WILLFUL FAILURE TO COLLECT OR PAY OVER TAX: 26 U.S.C. § 7202

15.     Paragraphs 1-14 are realleged and incorporated by reference as if fully set forth herein.

16.     During the calendar quarters alleged below, in the Eastern District of Missouri, the defendant,

### RICHARD RIEF,

did willfully fail to pay over to the Internal Revenue Service all of the Federal income taxes withheld and Social Security and Medicare tax due and owing to the United States on behalf of CPS and its employees, for each of the following quarters, with each calendar quarter constituting a separate count of this Indictment:

| Count | Tax Period | Trust Fund Taxes |
|-------|-----------|------------------|
| Count I-MPS | 4th Quarter 2014 | $66,893.56 |
| Count II-MPS | 1st Quarter 2015 | $80,327.76 |
| Count III-MPS | 2nd Quarter 2016 | $50,583.48 |
| Count IV-MPS | 1st Quarter 2017 | $50,846.91 |
| Count V-MPS | 1st Quarter 2014 | $40,867.47 |
| Count VI-RHC | 2nd Quarter 2016 | $20,706.76 |
| Count VII-RHC | 4th Quarter 2016 | $19,812.22 |
| **Total** | | **$330,03816** |

## COUNTS VIII-IX
## WILLFUL FAILURE TO FILE RETURN OR PAY TAX: 26 U.S.C. § 7203

17.    Paragraphs 1-16 are realleged and incorporated by reference as if fully set forth herein.

18.    During the calendar years 2015 and 2016, Defendant Rief and his wife received a total gross income of at least $595,935.  By reason of such gross income, the defendant was required by law, following the close of each calendar year, and on or before April 15 of each year, to make an income tax return to the Internal Revenue Service Center in St. Louis, Missouri, to a person assigned to receive returns at the local office of the Internal Revenue Service, or to another Internal Revenue Service Office permitted by the Commission of Internal Revenue, stating

specifically the items of his gross income and any deductions and credits to which he was entitled.

19.     Well knowing and believing the truth of the allegations in paragraph 16 herein, the defendant,

**RICHARD RIEF,**

did willfully fail to make an income tax return in the Eastern District of Missouri and elsewhere, for each of the following years, with each calendar year constituting a separate count of this Indictment:

| Count | Tax Period | Total Tax Due and Owing |
|-------|-----------|-------------------------|
| Count VIII | 2015 | $100,117 |
| Count IX | 2016 | $7,215 |
| **Total** | | **$107,332** |

Each of these counts is a separate violation of Title 26, United States Code, Section 7203.

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
ANTHONY BOX, #58575MO
Assistant United States Attorney