**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 4:20-CR00595 AGF/SRW |
| ) | |
| RICHARD RIEF, ) | |
| ) | |
| Defendant. ) | |

**<u>COMBINED MOTION TO DISMISS INDICTMENT OR FOR BILL OF PARTICULARS</u>**

Defendant Richard Rief ("Defendant" or "Rief"), respectfully moves to dismiss, in whole or in part, the indictment or for bill of particulars. In support of his motion, Defendant relies on the accompanying memorandum of law and states:

1. On September 23, 2020 the Government filed an Indictment returned by a Grand Jury alleging violations of sections 7202 and 7203 of the Internal Revenue Code.  16 U.S.C. §§ 7202 & 7203.

2. Counts I-VII allege that Rief failed to collect, account for, and pay over Federal Income, Social Security, and Medicare taxes for Med Plus Staffing, LLC ("MPS") and Rief Healthcare, LLC ("RHC") and their employees.

3. Paragraph 17 of the Indictment depicts the taxes owed for specific time periods as follows:

| Count | Tax Period | Trust Fund Taxes |
|---|---|---|
| Count I-MPS | 4th Quarter 2014 | $66,893.56 |
| Count II-MPS | 1st Quarter 2015 | $80,327.76 |
| Count III-MPS | 2nd Quarter 2016 | $50,583.48 |
| Count IV-MPS | 1st Quarter 2017 | $50,846.91 |
| Count V-MPS | 1st Quarter 2014 | $40,867.47 |
| Count VI-RHC | 2nd Quarter 2016 | $20,706.76 |
| Count VII-RHC | 4th Quarter 2016 | $19,812.22 |
| Total | | $330,038.16 |

4. The latest time period identified is the 1st Quarter of 2017.

5. The statute of limitations for 28 U.S.C. §§ 7202, as set forth in 16 U.S.C. § 6531, is three years. None of the allegations in Counts I-VII fall within the three-year period and are barred.

6. Section 6531(4) provides an exception to the three-year statute of limitations and substitutes a six-year statute of limitations "for the offense of willfully failing to pay any tax." 16 U.S.C. § 6531(4). The indictment makes only a conclusory allegation of willful failure and better-reasoned authority finds that the three-year statute of limitations applies to violations of 28 U.S.C. § 7202.

7. The indictment makes only conclusory and vague allegations of willfulness and ability to pay the taxes in question. (Doc. 1, ¶¶ 3-5, 17 & 20). There are only ambiguous references to certain highly leveraged property which Defendant sold to assist him in trying to pay taxes and eliminate financial obligations. In fact, the Government omits information it possesses that Rief

did in fact pay substantial taxes between 2014 through 2917 (as shown by the gap in sequential quarters in the indictment).

8.  Defendant Rief had been in direct communication with the IRS since 2014 concerning the taxes at issue and worked with the IRS to develop a payment plan. He did not engage in any deceptive conduct and did not willfully fail or refuse to pay any tax. Accordingly, the statute of limitations on Counts I-VII has run.

9.  The Government should be required to issue a bill of particulars or an amended indictment to identify what acts or omissions of Defendant constituted willful violations of the tax laws cited, in order to permit Defendant to prepare his defense.

10. Even if the court determines that the six-year statute of limitations applies, Count I addressing the first quarter of 2014 is clearly barred and should be dismissed.

11. Independent of the statute of limitations, the Government engaged in pre-indictment delay which prejudiced Defendant.

12. On July 30, 2019 Defendant voluntarily submitted to examination by two agents of the IRS. Defendant cooperated fully and provided substantial information. Almost a year passed between that cooperation and filing of the indictment, exposing Defendant to additional penalties and interest under the IRS Code. During that period, Defendant continued to offer cooperation and sought clarification of the status of the agents' work.

13. At the time of the examination, Defendant was continuing to work, as he had for several years, with a separate revenue officer of the IRS on the civil side. Those discussions led Defendant to believe he was not in violation or at risk of criminal prosecution as he continued to work toward payment of the taxes owed. The Revenue Officer, when Rief informed him of the

subpoena, indicated he would have referred Rief to the Criminal Division if he believed Rief was not cooperating or Rief's actions showed criminal intent.

14. The Government's pre-indictment delay violates the Fifth Amendment guarantee of due process. U.S. Const. Amend. 5.

WHEREFORE, Defendant Rief respectfully requests the Court, in the alternative:

(1) To dismiss the indictment for unreasonable delay under the Fifth Amendment to the United States Constitution;

(2) To dismiss the alleged violations of 28 U.S.C. § 7202 under 16 U.S.C. § 6531, the applicable three-year statute of limitations on Counts I-VII;

(3) To dismiss Count I as violative of a six-year statute of limitations, if applicable; and

(4) To require the Government to provide a bill of particulars or an amended indictment to clearly state what acts or omissions of Defendant Rief support any willful violation of 28 U.S.C. §§ 7202 & 7203.

Dated: December 9, 2020

By: */s/ Glenn E. Davis*
Glenn E. Davis (#30308MO)
HEPLER BROOM LLC
One Metropolitan Square
211 North Broadway Suite 2700
St. Louis, MO 63102
Phone: 314-241-6160
Fax: 314-241-6116
ged@heplerbroom.com

*Counsel for the Defendant Richard Rief*

**CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed on this 9th day of December 2020, the foregoing with the Clerk of the Court using the electronic filing system which will send notification of such filing to all attorneys of record.

               */s/ Glenn E. Davis*
               Glenn E. Davis