UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  4:20-CR-595 AGF-SRW |
| v. | ) | |
| | ) | |
| RICHARD RIEF, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES OF AMERICA'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS INDICTMENT OR
FOR BILL OF PARTICULARS**

The United States of America (the "Government") states as follows in opposition to defendant Richard Rief's ("Rief" or "Defendant") Motion to Dismiss Indictment or for Bill of Particulars (Doc. No. 17):

### I.   BACKGROUND

**A.   The Motion to Dismiss**

The Defendant seeks relief on three grounds.  First, he seeks to dismiss the indictment for unreasonable delay under the Fifth Amendment to the United States Constitution.  However, he provides insufficient grounds for this relief.  Second, he seeks to dismiss various counts of the indictment as violative of the statute of limitations.  However, statutory and case law clearly establish that all counts were brought prior to the expiration of the statute of limitations.  Finally, he seeks a bill of particulars or an amended indictment with additional facts.  However, the defendant provides virtually no support as to why, considering the detailed indictment coupled with the discovery provided, a bill of particulars is required.

**B.   The Indictment**

1

On September 23, 2020, the federal grand jury returned an indictment charging the defendant with seven counts of willful failure to collect or pay tax under 26 U.S.C. § 7202 and two counts of willful failure to pay tax under 26 U.S.C. § 7203. Specifically, the indictment alleges that Rief filed forms 940 and Forms 941 reporting payroll taxes due and owing. However, he failed to pay the amounts due and owing, except where necessary to convince the IRS Revenue Officer assigned to his case to delay a levy or accept an installment agreement. Rather than pay his payroll taxes, Rief used the money to continue to try to keep the business afloat and to pay himself and his wife funds from the business. At the same time, Rief failed to pay his individual income tax liability for 2015 and 2016, instead choosing to spend his personal funds on lavish purchases.

## II. ARGUMENT

Defendant challenges the indictment based upon the following grounds: unreasonable delay; violations of the statute of limitations; and insufficient facts about the defendant's criminal acts, which warrants a bill of particulars. Based upon the facts and law, however, all such arguments fail. Consequently, the defendant's motion should be denied, particularly when placed in the proper factual and legal context.

**A.   There was no Unreasonable Delay.**

In *United States v. Lovasco,* 431 U.S. 783 (1977), the seminal case defining the Fifth Amendment due process test applicable in preindictment delay cases, the United States Supreme Court considered the prosecution's delay of "more than 18 months" to indict the defendant for a crime. *Id.* at 784, 786. The Court ruled that 18 months of delay for "further investigation" did not offend standards of "fair play and decency" so as to violate due process. *Id*. at 793-96. In *United States v. Brockman*, 183 F.3d 891, 895 (8th Cir. 1999), the Eighth Circuit reaffirmed that the due

process clause of the Fifth Amendment can be utilized to protect against oppressive delay, however, the role of the Fifth Amendment is limited.  Additionally, the Supreme Court has stated that "the interests of the suspect and society are better served if, absent bad faith or extreme prejudice to the defendant, the prosecutor is allowed sufficient time to weigh and sift evidence to ensure that an indictment is well founded." *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850)*, 461 U.S. 555, 563 (1983).  There is a high burden for a defendant to overcome when claiming a due process violation for preindictment delay because of the requirement to carry the burden of proof on two separate elements. The defendant must establish that: (1) the delay resulted in actual and substantial prejudice to the presentation of his defense; and (2) the government intentionally delayed his indictment either to gain a tactical advantage or to harass him.  *United States v. Sturdy*, 207 F.3d 448, 452 (8th Cir. 2000); *see also United States v. Grap*, 368 F.3d 824, 829 (8th Cir. 2004); *see also United States v. Sprouts*, 282 F.3d 1037, 1041 (8th Cir. 2002).

As the defendant correctly stated in his Memorandum in Support of Combined Motion to Dismiss or for Bill of Particulars (Doc. No. 18), he was interviewed by IRS agents on July 30, 2019 and indicted on September 23, 2020.  This period of 14 months where the government continued to investigate and assess the information provided by Rief during the interview was not unreasonable and did not prejudice the defendant.  The defendant's claims that this period extended the time for financial penalties from the IRS, and complicated his ability to reconstruct his financial transactions, which would cause him to incur substantial costs to defend himself.  Lastly, he asserted that "Holding this over his head for this extended period of time, is either intentional or harassment." *Id.* at 4.  It is neither.  Additionally, the Government did not hold this matter over his head.  Notwithstanding the defendant's hyperbolic and broad assertions, he simply has not made

3

the requisite showing that (1) the delay resulted in actual and substantial prejudice to the presentation of his defense; and (2) the government intentionally delayed his indictment either to gain a tactical advantage or to harass him. The Government's investigation was neither protracted nor prolonged. Rather, it was routine and certainly did not offend standards of "fair play and decency" so as to violate due process. It is the responsibility of the defendant has failed to meet his high burden in showing prejudice. *United States v. Bartlett,* 794 F.2d 1285, 1289 (8th Cir. 1986). To satisfy this burden, the defendant must identify specific witnesses or documents lost during the delay and the information they would have provided. *United States v. McDougall*, 133 F.3d 1110, 1113 (8th Cir. 1998). Alleged prejudice is insufficient to establish a due process violation if it is

insubstantial, speculative, or premature. *Grap*, 368 F.3d at 829. Moreover, the defendant has not shown that the government intentionally delayed his indictment either to gain a tactical advantage or to harass him, because he cannot do so. Such as claim is belied by the facts of the case and laid bare by his failure to include any evidence to support such a claim. His motion in this regard should be denied.

**B.      There was no Violation of the Statute of Limitations.**

      **1.      The Applicable Statute of Limitations is Six Years.**

      26 U.S.C. § 6531(4) provides that a six-year statute of limitations applies to, inter alia, "the offense of willfully failing to pay any tax, or make any return . . . at the time or times required by law or regulations." Under this section, there is a six-year statute of limitations period for prosecutions under 26 U.S.C. § 7202. *See United States v. Blanchard*, 618 F.3d 562, 568-69 (6th Cir. 2010); *United States v. Adam*, 296 F.3d 327, 331-32 (5th Cir. 2002); *United States v. Gilbert,* 266 F.3d 1180, 1186 (9th Cir. 2001); *United States v. Gollapudi*, 130 F.3d 66,

4

70 (3d Cir. 1997); *United States v. Evangelista*, 122 F.3d 112, 119 (2d Cir. 1997) (reaffirming prior holding in *United States v. Musacchia,* 900 F.2d 493, 499-500 (2d Cir. 1990), vacated in part on other grounds, 955 F.2d 3, 4 (2d Cir. 1991)); *United States v. Porth*, 426 F.2d 519, 522 (10th Cir. 1970).

The defendant contends that the applicable statute of limitations is three years, and cites two District Court cases, *United States v. Brennick*, 908 F.Supp. 1004 (D.Mass. 1995), *and United States v. Block,* 497 F.Supp. 629 (N.D.Ga. 1980).  He also provides a cursory reference to mixed authority on this issue.  (Doc. No. 18 at 3).  However, he does not mention or list the six appellate courts which have ruled that the six-year statute of limitations under 26 U.S.C. § 6531(4) applies to 26 U.S.C. § 7202.  The Third Circuit's succinct and clear explanation provides that:

> Under a plain reading of this statute, we find it clear that violations of § 7202 are subject to a six-year statute of limitations under § 6531(4). Specifically, 26 U.S.C. § 7202 makes it an offense for an employer to willfully fail to "account for and pay over" to the IRS taxes withheld from employees. Given that § 6531 pertains to "failing to pay any tax," the District Court correctly found that the failure to pay third-party taxes as covered by § 7202 constitutes failure to pay "any tax," and thus, is subject to the six-year statute of limitations under § 6531(4).

*U.S. v. Gilbert*, 266 F.3d 1180, 1186 (9th Cir. 2001)

The various Circuit Courts have examined the arguments supporting the 3-year statute of limitations and have uniformly rejected them.  They have consistently decided that the six-year limitation period has been prescribed by Congress.  As the indictment details, the defendant's failure to pay the taxes owed was willful.  As such, the six-year statute of limitations is applicable.  The court should reject the defendant's efforts to shorten the statute of limitations to 3 years for his convenience.

    **2.**    **Count I Refers to the Fourth Quarter of 2014, not the 1st Quarter.**

The defendant asserts that count I addresses the 1st Quarter of 2014 and is clearly time-barred and should be dismissed. He is mistaken; count I refers to the 4th quarter, not the 1st quarter. The chart provided below was included in the indictment and in the defendant's Memorandum in Support of his Motion to Dismiss.

| Count | Tax Period | Trust Fund Taxes |
|---|---|---|
| Count I-MPS | 4th Quarter 2014 | $66,893.56 |
| Count II-MPS | 1st Quarter 2015 | $80,327.76 |
| Count III-MPS | 2nd Quarter 2016 | $50,583.48 |
| Count IV-MPS | 1st Quarter 2017 | $50,846.91 |
| Count V-MPS | 1st Quarter 2014 | $40,867.47 |
| Count VI-RHC | 2nd Quarter 2016 | $20,706.76 |
| Count VII-RHC | 4th Quarter 2016 | $19,812.22 |
| **Total** | | **$330,03816** |

The chart shows that count I refers to the 4th quarter of 2014, which makes this charge clearly within the statute of limitations. Accordingly, the Court should swiftly reject this inaccurate argument.

C.   **A Bill of Particulars is Not Warranted**

    1.   **The Indictment Meets the Criteria of Rule 7 of the Federal Rules of Criminal Procedure.**

Indictments and bills of particulars are governed by Rule 7 of the Federal Rules of Criminal Procedure. Fed.R.Crim.P. 7(c) provides in relevant part:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. . . . For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

Fed.R.Crim.P. 7(f), which gives courts the power to direct the filing of a bill of particulars, provides in relevant part:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars *before or within 10 days after arraignment* or at a later time if the court permits.

(emphasis added).

In *Hamling v. United States,* 418 U.S. 117-18, 94 S.Ct. 2887 (1973), the United States Supreme Court found that an indictment is sufficient if it contains the elements of the offense charged, fairly informs a defendant of the charges against which he must defend, and enables the defendant to plead an acquittal or conviction in bar of future prosecutions of the same offense. The fundamental purpose of a bill of particulars is to "inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002); *see, e.g., United States v. Wessels*, 12 F.3d 746, 751 (8th Cir. 1993); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam); *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986). The purpose of a bill of particulars, however, is not to provide the defendant with evidentiary detail. *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006); *Wessels*, 12 F.3d at 750; *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990); *United States v. Hill*, 589 F.2d 1344, 1352 (8th Cir. 1979); *Hemphill v. United States,* 392 F.2d 45, 49 (8th Cir. 1968). Furthermore, a defendant is not entitled

to a bill of particulars. *Wong Tai v. United States,* 273 U.S. 77, 82 (1927). Rather, a court has broad discretion to deny such a motion. *United States v. Sileven,* 985 F.2d 962, 966 (8th Cir. 1993).

The indictment charging Rief in this case meets the requirements of Rule 7(f) and the law interpreting the Rule. The indictment sets out the essential facts constituting the offense charged and gives Rief sufficient notice to prepare his defense.

### 2. Rief has been Provided with the Substantial Discovery in this Case.

Defendant's request for a bill of particulars should be denied when substantial discovery materials have been provided. *See United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990); *See also United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), modified on other grounds, 801 F.2d 378 (11th Cir. 1986).

In this case, the Government has provided the defendant with more than ten thousand pages of discovery. It is highly unlikely that he could be surprised and prejudiced at a trial on the pending charges. The discovery provided, coupled with the detailed indictment, have informed "the defendant of the nature of a charge with 'sufficient precision to enable him to prepare for trial' and 'to avoid or minimize the danger of surprise at trial.'" *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009).

Therefore, defendant's request for a bill of particulars should be denied.

### CONCLUSION

For the foregoing reasons, the United States of America respectfully requests that this Court deny defendant Richard Rief's motion to dismiss the indictment or for bill of particulars.

Respectfully submitted,

SAYLER FLEMING

8

United States Attorney

*/s/ Anthony Box*
ANTHONY BOX #58575MO
Assistant United States Attorney
111 South Tenth Street, 20th Floor
Saint Louis, Missouri  63102
Telephone: (314) 539-2200

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of this document was filed with the Court's electronic file management system for service upon all parties and counsel of record on this 6th day of January 2021.

s/ Anthony Box
ASSISTANT UNITED STATES ATTORNEY