UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. S1-4:20CR595 AGF (SRW) |
| ) | |
| RICHARD RIEF, ) | |
| ) | |
| Defendant. ) | |

# ORDER

This matter is before the Court on Defendant's pretrial motions. Defendant Richard Rief is charged in a superseding indictment with multiple counts of failing to account for and pay over federal income, Social Security and Medicare taxes owing from his two companies, Med Plus Staffing, LLC ("MPS") and Rief Healthcare ("RHC), and their employees, in violation of 26 U.S.C. § 7202. (Counts I – XIV). Defendant is also charged with two counts of willfully failing to file and pay personal income taxes from 2015 and 2016, in violation of 26 U.S.C. § 7203. (Counts XV and XVI). Defendant filed several motions related to the original and superseding indictments, primarily asserting that the bulk of the charges pertaining to taxes related to his companies are barred by the statute of limitations. All pretrial motions were referred to United States Magistrate Judge Stephen R. Welby under 28 U.S.C. § 636(b). The Magistrate Judge issued a Report and Recommendation ("R&R") on March 30, 2021 (Doc. No. 51), recommending that Defendant's motions be denied. Defendant filed objections to the R&R. After careful *de novo* review of the record, the R&R will be adopted.

1

Procedural Background

The procedural background is detailed in the R&R.  In summary, on September 23, 2020, Defendant was charged with seven counts of willful failure to collect or pay over employment taxes, commonly known as "trust fund taxes," (Counts 1 – VII), and two counts of failure to pay personal income taxes.  The dates with respect to the trust fund taxes ranged from the first quarter of 2014 to the first quarter of 2017.  On December 9, 2020, Defendant filed a motion to dismiss the indictment or for a bill of particulars. (Doc. Nos. 17 & 18).  The motion primarily alleged that Counts I-VII were barred by the three-year statute of limitation.  Defendant also asserted the indictment should be dismissed due to pre-indictment delay, in violation of Defendant's due process rights.  An evidentiary hearing was held on January 21, 2021, at which the parties offered argument; no witnesses or evidence were presented.  The Magistrate Judge thereafter requested post-hearing briefs regarding the proper accrual date for the charges.

Prior to the deadline for post-hearing briefs, the grand jury returned a superseding indictment which added seven more counts of failure to pay over the employment trust fund taxes related to Defendant's two businesses.  It also corrected an error in the original indictment related to Count V, which had referenced the first quarter of 2014, and replaced it with Count VIII, related to the second quarter of 2017.  (Doc. No. 32).  In the superseding indictment, the earliest time period at issue is in Count I, which asserts a charge related to the fourth quarter of 2014.  The parties filed post-hearing briefs, and Defendant also requested leave to take the deposition of an IRS Revenue Officer, which request was denied.  Following Defendant's arraignment on the superseding indictment,

2

the parties were granted leave to file additional pretrial motions related to the superseding indictment.

In the superseding indictment, Defendant is charged in Counts I – XIV with willful failure to collect, account for, and pay over to the IRS federal income, Social Security and Medicare trust fund taxes related to MPS and RHC for various quarters ranging from the fourth quarter of 2014 through the first quarter of 2018, in violation of 26 U.S.C. § 7202. The indictment alleges that Defendant filed the Forms 940 and 941 reporting the tax due and owing, but that he failed to pay the taxes owed and withheld (totaling approximately $522,270), except where necessary to convince the IRS to delay a levy or accept an installment agreement, all in violation of 26 U.S.C. § 7202. In Counts XV and XVI Defendant is charged with willful failure to pay personal income taxes for the years 2015 and 2016, in violation of 26 U.S.C. § 7203. (Doc. No. 32).

With respect to the superseding indictment, Defendant has filed a motion to dismiss and for production of witness materials. Defendant argues that Counts I-VIII and XII-XIV are barred by the three-year statute of limitations. He also seeks dismissal for pre-indictment delay, and for the production of grand jury testimony regarding the original Count V (now Count VIII) and the seven additional counts. (Doc. Nos. 45 & 46). The government opposed the motions (Doc. No. 47), and Defendant filed a reply.

In his R&R, the Magistrate Judge recommended that Defendant's motions to dismiss be denied, finding that a six-year, and not a three-year statute of limitations applied, and that all trust fund tax charges were brought within the application limitations period. The Magistrate Judge also rejected Defendant's assertions of pre-indictment

3

delay, as Defendant failed to show the necessary prejudice. Finally, the Magistrate Judge rejected Defendant's requests for a bill of particulars and for further discovery. Defendant filed objections to the R&R, objecting to nearly all of the Magistrate Judge's conclusions (Doc. No. 52), and the government filed a response.

## Discussion

When a party objects to a Report and Recommendation in a criminal case, the court is required to make a de novo review determination of those portions of the record or specified proposed findings to which objection is made. *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). The Court conducted a *de novo* review of Defendant's motions, including a review of the hearing transcript. Based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and correctly analyzed the issues, and the Court adopts and incorporates the R&R.

### Motion to Dismiss Based on Statute of Limitations

For the reasons stated more fully in the R&R, the Court concludes that the trust fund charges arising under 26 U.S.C. § 7202 are not subject to dismissal based on the statute of limitations. The Court agrees that the trust fund charges are governed by a six-year statute of limitations, pursuant to 26 U.S.C. § 6531(4) (setting a six-year period of limitations "for the offense of willfully failing to pay any tax, or make any return . . . at the time or times required by law or regulations"). As the Magistrate Judge notes, there is conflicting authority, and no binding Eighth Circuit precedent. In his objections, Defendant continues to rely on the district court decisions in *United States v. Brennick*,

908 F. Supp. 1004 (D. Mass 1995) and *United States v. Block*, 497 F. Supp. 629 (N.D. Ga. 1980) for application of a three-year limitations period. But appellate courts have rejected the reasoning in these cases. *See United States v. Adam*, 296 F.3d 327, 331-32 (5th Cir. 2002) (citing cases). As the R&R reflects, six circuit courts have held that the six-year statute of limitations in 26 U.S.C. § 6531(4) applies to all violations under 26 U.S.C. § 7202. *See* R&R, at 7. Like the Magistrate Judge, this Court is persuaded by reasoning of these cases, and finds the six-year statute of limitations applies. *See, e.g., United States v. Blanchard*, 618 F.3d 562, 568-69 (6th Cir. 2010) (collecting cases); *United States v. Gollapudi*, 130 F.3d 66, 70 (3d Cir. 1997).

    As the government notes in its response to the objections, Defendant concedes that if the six-year statute of limitations applies, it is not necessary to determine the proper accrual date. The original indictment was filed within six years of the fourth quarter of 2014, the earliest quarter still alleged. And the new counts asserted in the superseding indictment were all brought within six years of the superseding indictment. Nevertheless, the Court also agrees with the Magistrate Judge's conclusion that for each of the quarters at issue in the superseding indictment, the limitations period does not accrue until April 15 of the succeeding calendar year, pursuant to 26 U.S.C. §§ 6531 and 6513(c). *United States v. Habig*, 390 U.S. 222, 225 (1968) (holding "the net effect of the [§ 6513] language is to prolong the limitations period when, and only when, a return is filed or tax paid in advance of the statutory deadline"); *United States v. Doll*, 4:19CR3012, 2019 WL 4454415, at *4 (D. Neb. Aug. 30, 2019) (citing cases), *report and recommendation adopted*, 4:19CR3012, 2019 WL 4450691 (D. Neb. Sept. 17, 2019);

*United States v. Whatley*, 2:09CR531DAK, 2010 WL 1236401, at *2 (D. Utah Mar. 9, 2010).

Defendant cites to allegations in the indictment suggesting Defendant was willfully collecting but refusing to pay over employee withholding taxes and spending money on personal items at various dates, and argues for accrual when willfulness is established. But the references in the indictment are nothing more than evidentiary allegations to support the willfulness of Defendant's conduct. *See Blanchard*, 618 F.3d at 569-70 (noting evidence regarding a defendant's discretionary spending is pertinent to whether the defendant violated § 7202, as it bears on the willfulness of the defendant's failure to pay over withheld tax). Further, Defendant's contention that the accrual date should turn on when facts exist showing willfulness would be difficult to apply, and would undermine the very purpose of 26 U.S.C. § 6513. "[A]s explained in *Habig*, § 6513 was written to eliminate the need for a case-by-case assessment of the limitations period. Incorporating § 6513 into § 6531 for purposes of criminal tax investigations provides administrative assistance to the government by establishing a uniform expiration date for most taxpayers, despite variation in the dates of actual filing." *Doll*, 2019 WL 4454415, at *3 (citing *Habig*, 390 U.S. at 224-25).

Defendant further argues that the government cannot rely on 26 U.S.C. § 6513(a) or the April 15 accrual date because both indictments are fatally "ambiguous," in that they fail to clearly allege whether Defendant filed a return for each quarterly time period referenced in the counts and connect the returns to each period of non-payment. Doc. No. 52, at 2. Specifically, he objects that "neither the Superseding nor Original

Indictments provide allegations with sufficient specificity to conclude that returns were filed or taxes were paid before the statutory deadline." *Id.* at 3. The Court rejects this argument for multiple reasons. First, the indictment is not unduly vague in this respect. Courts are directed to give an indictment a commonsense construction. *United States v. Stepanets*, 879 F.3d 367, 372 (1st Cir. 2018); *United States v. Boykin*, 794 F.3d 939, 944, 948 (8th Cir. 2015). Further, the charging document should be construed from a review of the indictment as a whole. *United States v. Perkins*, 748 F.2d 1519, 1524 (11th Cir. 1984). Here, the indictment alleges that the forms 941 are due by the end of the month following the end of each calendar quarter, and that Defendant "filed forms 940 and 941 reporting tax due and owing." Doc. 32, ¶¶ 2, 12. No allegation is made that the forms were not filed or were not filed in a timely matter. Rather, the failure to collect and pay the taxes due for each quarter, and only such failure, is asserted, unequivocally, as the violation. Thus, the indictment may fairly be read to allege that Defendant timely filed quarterly reports, but failed to pay the taxes owed.

    Assuming *arguendo* the indictment was vague in this regard, it still would not support a dismissal of the indictment. An indictment is sufficient if it fairly informs the accused so that he may prepare a defense and allow him to invoke the Double Jeopardy clause against a future prosecution. *United States v. Palmer*, 917 F.3d 1035, 1039 (8th Cir. 2019); *United States v. Webster*, 797 F.3d 531, 535 (8th Cir. 2015). It is ordinarily sufficient if it properly tracks the language of the statute. *Palmer*, 917 F.3d at 1039; *United States v. Wearing*, 837 F.3d 905, 910 (8th Cir. 2016). The superseding indictment here meets those requirements. It contains all of the elements of the charges.

It also provides sufficient information for Defendant to prepare his defense and protect against double jeopardy. In this regard, Defendant does not contend otherwise.

Further, some courts have recognized that compliance with the statute of limitations is not an element of the offense; it is an affirmative defense, and facts that would defeat an affirmative defense based on limitations need not be alleged in an otherwise sufficient indictment. *United States v. Kogan*, 283 F. Supp. 3d 127, 135 (S.D.N.Y. 2017); *United States v. Levine*, 249 F. Supp. 3d 732, 738 (S.D.N.Y. 2017).[1]

Defendant also objects that the Magistrate Judge erroneously rejected his assertion that the superseding indictment substantially broadens or amends the original indictment, citing *United States v. Yielding*, 657 F.3d 688, 703 (8th Cir. 2011). The principle discussed in *Yielding* applies where the initial indictment was timely filed, but a subsequent indictment includes allegations or charges that would not be timely. In that instance, the subsequent indictment may not be deemed to relate back if it substantially broadens the original indictment. *Id.* at 703-04. In *Yielding*, the defendant objected that several of the payments alleged in the superseding indictment occurred more than five years before the filing of the superseding indictment, such that charges based on those payments should be barred. *Id.* at 703. But Defendant himself acknowledges that if the six-year statute of limitations applies, "no counts are barred under the superseding

---

[1] Defendant does not contend that the forms 940 and 941 were not filed in a timely manner or that they were not filed prior to April 15 of the following year. If there is a factual dispute with respect to the timing of such filings and the application of the rule stated in *Habig*, any determination should perhaps be deferred. *Levine*, 249 F. Supp. 3d at 736 (citing *United States v. Wilson,* 26 F.3d 142, 159 (D.C. Cir. 1994)).

8

indictment." Doc. No. 52, at 8. Having determined the six-year limitations period applies, there is no reason to address whether the superseding indictment substantially broadens or amends the original indictment.

For all of these reasons, and the reasons set forth more fully in the R&R, the Court rejects Defendant's arguments that Counts I-VIII and XII-XIV should be dismissed as barred by the statute of limitations.[2]

**Alleged Unreasonable Pre-indictment Delay**

For the reasons stated in the R&R, the Court also rejects Defendant's assertion that his due process rights were violated by unreasonable pre-indictment delay in filing the indictment, for the reasons stated in the R&R. To support such a claim where an indictment is filed within the statute of limitations, a defendant must show actual prejudice. This requires the defendant to "identify specific, concrete, and germane testimony or documents that were lost due to the delay." *United States v. Hance,* 501 F.3d 900, 906 (8th Cir. 2007); *United States v. Jackson*, 446 F.3d 847, 849 (8th Cir. 2006). In support of his claim of prejudice Defendant identifies his actions in voluntarily dealing with the IRS prior to indictment, trying to make arrangements to pay taxes, and providing an interview to the IRS approximately a year before the indictment, and further offers that he received no advance warning that the indictment would be filed. Such allegations do not suffice. Defendant does not allege conduct that somehow

---

[2] Defendant also requests that Count V of the original indictment be dismissed as outside the six-year statute of limitations. Any basis for dismissal that may have existed, however, is moot. As explained in the R&R, that count was amended in the superseding indictment, and no count related to the first quarter of 2014 remains in the superseding indictment.

9

impairs his ability to defend himself.   As such, Defendant fails to make the required showing of prejudice.

### Requests for Discovery and Disclosure

Defendant's remaining objections based on the Magistrate Judge's refusal to permit a deposition and to order early disclosure of Jencks materials have no merit, and are rejected for the reasons set forth in the R&R.   However, the Court will address the timing for the disclosure of Jencks materials at or before the final pretrial conference.

The Court also finds that the Magistrate Judge properly rejected Defendant's request for a bill of particulars.  The information Defendant seeks through a bill of particulars appears to relate to the government's allegations of discretionary spending and willfulness. But the indictment sufficiently alleges that Defendant's failure to pay taxes was willful. Although nothing more is required, the indictment also details some of the evidence supporting willful conduct.   As the Magistrate Judge correctly noted, these allegations, coupled with the voluminous discovery provided, are sufficient to permit Defendant to prepare for trial and minimize surprise.[3]   *United States v. Livingstone*, 576 F.3d 881, 883 (8th 2009).   On this record, it appears that Defendant is simply seeking to require the government to provide "a detailed disclosure of the evidence that it will present at trial" to prove willfulness, which is not a proper use of a bill of particulars.   *Id.*

---

[3] Indeed, in his objections, Defendant offers arguments to counter some of these allegations.

## **Conclusion**

For the foregoing reasons, and the reasons stated more fully in the Magistrate Judge's Report and Recommendation,

**IT IS HEREBY ORDERED** that Defendant's Objections to the Report and Recommendation are overruled. [Doc. No. 52]

**IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss the Indictment based on statute of limitations, Motion to Dismiss for Pre-indictment Delay, and for Bill of Particulars are **DENIED**.   [Doc. Nos. 17 and 45]

**IT IS FURTHER ORDERED** that the Motion of the United States for Production of Witness Materials and Discovery is **DENIED.**   [Doc. No. 45]

**IT IS FURTHER ORDERED** that the Jury Trial remains scheduled for **Monday, October 18, 2021 at 9:00 a.m.**   A final pretrial conference will be scheduled by separate Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of September, 2021.

11